NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIONEX SOFTRON GMBH,**
*Appellant*

**v.**

**AGILENT TECHNOLOGIES, INC.,**
*Appellee*

---

2021-1794

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 106,087.

---

Decided: January 6, 2023

---

ANDREW JAMES ISBESTER, Kilpatrick Townsend & Stockton LLP, San Francisco, CA, argued for appellant. Also represented by BYRON ROBERT CHIN; KRISTOPHER L. REED, Dallas, TX.

JOHN B. SGANGA, JR., Knobbe, Martens, Olson & Bear, LLP, Irvine, CA, argued for appellee. Also represented by EDWARD M. CANNON, PHILIP MARK NELSON.

---

Before REYNA, CHEN, and STARK, *Circuit Judges.*

STARK, *Circuit Judge*.

The outcome in this patent case depends on the outcome in a separate case also decided today: *Dionex Softron GmbH v. Agilent Technologies, Inc.*, No. 21-2372 ("*Dionex I*").

In this case, as in *Dionex I*, Dionex Softron GmbH ("Dionex") appeals the Patent Trial and Appeal Board's ("Board") judgment in an interference proceeding, awarding priority to Agilent Technologies, Inc. ("Agilent"). As in *Dionex I*, the parties here dispute whether the Board erred in its determinations of priority, conception, and reduction to practice. The parties here raise essentially the same arguments and counter-arguments with respect to those issues. *Compare* Opening Br. 27-50 *with Dionex I* Opening Br. 44-64; Response Br. 37-75 *with Dionex I* Response Br. 14-65; Reply Br. 18-27 *with Dionex I* Reply Br. 2-24; *see also Dionex I*, Oral Arg. at 0:22-0:34 (counsel for Dionex stating that priority issues in both cases were "essentially identical").

As in *Dionex I*, Dionex contends that the Board erred because it awarded priority to Agilent based on a determination of actual reduction to practice that was insufficiently corroborated. Although this case and *Dionex I* involve different patent applications and a different interference count, both cases involve essentially the same technology, and the Board relied upon essentially the identical evidence and analysis in awarding Agilent's patent application priority over Dionex's patent application in both cases.

In *Dionex I*, we affirmed the Board's award of priority to Agilent's patent application. We incorporate by reference our opinion in *Dionex I* and, for the same reasons stated therein, we affirm the Board's award of priority to Agilent's patent application in this case. As in *Dionex I*, the Board in this case did not err in awarding priority to Agilent based on finding that Agilent's actual reduction to

practice preceded Dionex's earliest alleged date of conception. Also, as in *Dionex I*, the Board's determination here that Agilent's reduction to practice was sufficiently corroborated under the rule of reason analysis is supported by substantial evidence.[1]  For those reasons, we affirm the Board's judgment.

## AFFIRMED

COSTS

No costs.

---

[1]    As in *Dionex I*, we have considered all of the parties' arguments in addition to those we explicitly address and find them unpersuasive.